IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HOLLOWAY,

    Petitioner,

v.                                         Civil Action No. 3:17CV683–HEH

JOHN F. WALRATH,

    Respondent.

## MEMORANDUM OPINION
(Adopting Report and Recommendation and Dismissing Action)

Tyrone Holloway, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4). On May 9, 2018, the Magistrate Judge issued a Report and Recommendation (ECF No. 14) recommending that Respondent's Motion to Dismiss be granted on the ground that it is barred by the relevant statute of limitations. Holloway has submitted Objections to the Report and Recommendation. (ECF No. 15.) For the reasons that follow, Holloway's Objections will be overruled and the Report and Recommendation will be accepted and adopted.

### I.     THE REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendations:

#### A.     Pertinent State Procedural History

    Holloway was convicted of rape and abduction with intent to defile in the Circuit Court for the City of Williamsburg and County of James City ("Circuit Court"). (ECF No. 10–1, at 1.) Holloway appealed. On October 8, 2014, the Court of Appeals of Virginia denied his petition for appeal. (*Id.*)

Holloway then pursued a further appeal to the Supreme Court of Virginia. (ECF No. 10–4, at 1.) On May 21, 2015, the Supreme Court of Virginia refused his petition for appeal. (*Id.*)

## B. Pertinent Federal Proceedings

On October 5, 2017, this Court received a letter from Holloway wherein he inquired about his ability to file a federal petition for a writ of habeas corpus. (ECF No. 1.) By Memorandum Order entered on November 17, 2017, the Court sent Holloway the form for filing a federal petition for a writ of habeas corpus. (ECF No. 2.) The Court informed Holloway that if he wished to file a federal petition for a writ of habeas corpus, he needed to complete the form and return it to the Court. (*Id.*)

On December 5, 2017, Holloway placed his § 2254 Petition in the prison mail system for mailing to the Court. (§ 2254 Pet. 16.)[1] The Court deems the § 2254 Petition filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Holloway contends that he is entitled to relief upon the following grounds:

Claim 1   The police illegally searched Holloway's vehicle without a warrant. (§ 2254 Pet. 6.)
Claim 2   Holloway failed to receive the effective assistance of counsel because:
    (a)   counsel failed to prepare a defense with respect to the illegal search (*id.* at 8);
    (b)   counsel failed to make a motion to strike or set aside the verdict (*id.*);
    (c)   counsel asserted that receiving a thirty-three year sentence constituted good cause to allow him to challenge the sufficiency of the evidence on appeal (*id.*);
    (d)   counsel failed to notify Holloway that the Supreme Court had denied his petition for appeal (*id.*); and,
    (e)   counsel failed to explain his options with respect to pursuing a plea deal (*id.*).
Claim 3   The police used an illegal wiretap. (*Id.* at 9.)
Claim 4   Holloway's right to a speedy trial was violated. (*Id.* at 11.)
Claim 5   When Holloway was arrested, he was not informed why he was being arrested. (*Id.* at 17.)

---

[1] The Court corrects the capitalization and punctuation in the quotations from Holloway's submissions. The Court employs the page number for the § 2254 Petition printed on Holloway's § 2254 Petition.

Claim 6     When Holloway was arrested, he was not read his *Miranda*[2] rights. (*Id.* at 18.)

## C. Analysis

### 1. Statute of Limitations

Respondent contends that the federal statute of limitations bars Holloway's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

## 2. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Holloway's judgment became final on Wednesday, August 19, 2015, when the time for filing a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Holloway failed to file his § 2254 Petition until more than two years later. Thus, the one-year statute of limitation bars the action unless Holloway demonstrates entitlement to a belated commencement of the limitation period or some equitable exception to the limitation period. As explained below, no such circumstances render the § 2254 Petition timely.

## 3. Belated Commencement

The pertinent provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Holloway suggests that he is entitled to a belated commencement of the limitation period for Claim 2(d), wherein he faults counsel for failing to inform him that the Supreme Court of Virginia had denied his petition for appeal. (§ 2254 Pet. 14–15.)

Whether due diligence has been exercised is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citation omitted). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, Holloway states:
> I was never informed of the decision by the Virginia Supreme Court, from my attorney Patrick Kelley. After several attempts with correspondence through [the] mail to his office, or many phone calls by my immediate family to his office with unsuccessful attempts, I submitted a letter to the Virginia

> Supreme Court ... dated 27 October 2016 to find out the status of my appeal. On 4 November 2016, I received a letter from the Virginia Supreme Court refusing my petition for appeal and a copy was sent (mailed) to my attorney Patrick David Kelley on 21 May 2015. On 26 January 2017, I mailed a letter to Patrick Kelley in reference to the status of my appeal. I received a letter on 1 February 2017, from attorney Patrick Kelley with the denial of my appeal .... On 26 July 2017, an application was submitted to the Virginia State Bar regarding his misconduct and error. On 21 August 2017, Patrick Kelley responded to my Virginia State Bar claim and admitted his error and mistake by not notifying me of the Virginia Supreme Court decision to deny my appeal.

(§ 2254 Pet. 14–15.)

Holloway does not dispute that he received notice of the October 8, 2014 refusal of his petition for appeal by the Court of Appeals of Virginia. It is also apparent that Holloway was aware that counsel was pursuing a further appeal to the Supreme Court of Virginia. Nevertheless, Holloway indicates that after October of 2014, he did not hear anything further from counsel about his direct appeal.

Counsel's failure to inform Holloway of the dismissal of his appeal was discoverable as of May 21, 2015, when the dismissal became a part of the public record. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *see Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008). Although Holloway could have discovered his counsel's failure to communicate about the dismissal of the appeal in May of 2015, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover an appeal has been dismissed, a petitioner must offer some evidence that he acted with due diligence. *See Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (finding that "a reasonable prisoner may take at least two months ... to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when two-month delayed discovery claim was supported by dated letter from his attorney and various state court filings seeking to perfect direct appeal).

As noted above, the record suggests that the last time Holloway heard from his attorney was around October of 2014, when the Court of Appeals of Virginia dismissed his appeal. Under the present facts, after a year of silence from counsel, a petitioner acting with reasonable diligence would have contacted the courts and discovered that his appealed had been

dismissed, at the very latest, within roughly a year following the date of the decision of the Court of Appeals, around October of 2015. *El-Abdu'llah v. Dir., Virginia Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) ("[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." (citing *Shelton v. Ray*, No. 7:05CV00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005); *Gonzalez-Ramos v. United States*, Nos. 05 Civ. 3974 & 99 Cr. 1112(LAP), 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007)). Thus, Holloway was obliged to file his § 2254 Petition raising Claim 2(d) within one year of that date—October of 2016. Holloway failed to do so. Thus, any belated commencement of the limitation period fails to render Claim 2(d) or the § 2254 Petition timely.

### 4. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[3] An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

For many of the same reasons stated above, Holloway fails to demonstrate that he acted with sufficient diligence to learn of the facts underlying Claim 2(d). Furthermore, even after learning on November 4, 2016 that counsel had failed to inform him of the dismissal of his direct appeal on May 21, 2015, Holloway waited over a year to file his § 2254 Petition. Holloway's languid pursuit of his federal habeas claims after

---

[3] The Court notes that attorney abandonment, in limited circumstances, can be egregious enough to constitute extraordinary circumstances that warrant equitable tolling. *Maples v. Thomas*, 565 U.S. 266, 281–82 (2012); *Holland*, 560 U.S. at 652. However, even in the presence of such egregious behavior, a habeas petitioner must still demonstrate that he acted with the requisite diligence necessary to warrant equitable tolling. *See Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001).

learning that his state proceedings had concluded precludes a finding of diligence. *See Pace*, 544 U.S. at 419 (concluding petitioner did not demonstrate due diligence where he sat "on his rights for years *before* he filed his [state request for habeas relief], but he also sat on them for five more months *after* his [state collateral] proceedings became final before deciding to seek relief in federal court"); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (refusing to equitably toll limitation period where petitioner waited four months after learning of state decision before filing § 2254 petition); *Simmons v. Johnson*, No. 98-21054, 2000 WL 293959, at *1 (5th Cir. Feb.17, 2000) (concluding that equitable tolling was not warranted where petitioner waited more than one month after receiving notice of the denial of state post-conviction relief to file his § 2254 petition). Accordingly, Holloway is not entitled equitable tolling.

### D. Conclusion

It is RECOMMENDED that the Motion to Dismiss (ECF No. 9) be GRANTED, the action be DISMISSED, and a certificate of appealability be DENIED.

(Report and Recommendation 1–9 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

7

recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III. HOLLOWAY'S OBJECTIONS

In his First Objection, Holloway contends that he did not consent to the Magistrate Judge reviewing his § 2254 Petition. (ECF No. 15, at 1.) Holloway's consent was unnecessary under 28 U.S.C. § 636(b)(1)(B). That statute provides:

> (b)(1) Notwithstanding any provision of law to the contrary—
> . . . .
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

*Id.* (footnote omitted). Accordingly, Holloway's First Objection will be overruled.

In his Second Objection, Holloways insists that he acted with due diligence and filed his § 2254 Petition in a timely manner. That objection lacks merit for the reasons described by the Magistrate Judge. Accordingly, Holloway's Second Objection will be overruled.

8

## IV. CONCLUSION

Holloway's Objections (ECF No. 15) will be overruled. The Report and Recommendation (ECF No. 14) will be accepted and adopted. The Motion to Dismiss (ECF No. 9) will be granted. Holloway's § 2254 Petition (ECF No. 4) will be denied. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 30, 2018
Richmond, Virginia